FILED
2015 Oct-16 AM 11:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| ANTWAN LAMBERT, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 7:15-cv-00345-VEH-HGD |
| ) | |
| ALABAMA DEPARTMENT ) | |
| OF CORRECTIONS, et al., ) | |
| ) | |
| Defendants ) | |

## ORDER

The magistrate judge filed a report and recommendation on September 16, 2015 (doc. 10) recommending that the plaintiff's Eighth and Fourteenth Amendment claims against defendants Alabama Department of Corrections, Bibb Correctional Facility, Warden Willie Thomas, Captain John Hutton, and defendant Jeffery Huff be dismissed.  The report further recommended that the plaintiff's Eighth Amendment claims against defendants Parker and McKay be referred to the magistrate judge for further proceedings.  The plaintiff has filed objections to the magistrate judge's recommendations concerning Warden Willie Thomas, Captain Hutton, and defendant Huff.  (Doc. 11).

The plaintiff objects to the dismissal of defendant Huff on the basis that Huff "knew that inmate Holmes was a general population inmate, and wasn't supposed to be inside of the B-Dorm modification unit of Bay 3. Defendant Huff knew that there existed a substantial risk of serious harm, by inmate Holmes . . . being in this area of the prison." (Doc. 11 at 1-2). However, no facts are alleged in the plaintiff's complaint which allow such assumptions to be drawn. Rather, in his complaint the plaintiff asserts only that "Officer Huff, by way of his witness testimony serves to show that inmate Holmes was in an area that he should not have been in." (Doc. 1 at 5).

To support a claim for deliberate indifference on the part of a prison official, a plaintiff inmate must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." *Thomas v. Bryant*, 614 F.3d 1288, 1312 (11th Cir. 2010). Prison officials are not held liable for every attack by one inmate upon another, *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986), nor are they guarantors of a prisoner's safety. *Popham v. City of Talladega*, 908 F.2d 1561, 1564 (11th Cir. 1990). Rather, a prison official must be faced with a known risk of injury that rises to the level of a "strong likelihood rather than a mere possibility" before his failure to protect an inmate can be said to

constitute deliberate indifference. *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (citations omitted).

The plaintiff's simple assertion – that inmate Holmes's mere presence in the modification unit shows that defendant Huff knew that a substantial risk of serious harm existed – is insufficient to state a claim against defendant Huff.  Moreover, even if defendant Huff knew that inmate Holmes was prohibited from the modification bay area, such an allegation falls far short of showing that, subjectively, Huff was aware that Holmes presented a substantial risk of serious harm to the plaintiff specifically.  *See Murphy v. Turpin*, 159 Fed.App'x 945, 948 (11th Cir. 2005) ("Put another way, because Murphy alleged no facts indicating that any officer was aware of a substantial risk of serious harm to him *from Thomas* and failed to take protective measures, his claim fails.")(emphasis in original).  "Merely negligent failure to protect an inmate from attack does not justify liability under [§] 1983." *Goodman v. Kimbrough*, 718 F.3d 1325, 1332 (11th Cir. 2013) (*quoting Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (per curiam)).

The plaintiff next objects to dismissal of the claims against defendant John Hutton. (Doc. 11 at 2).  The plaintiff asserts that Captain Hutton "failed to train his officers, and exhibited deliberate indifferen[ce], when he failed to execute any actions, knowingly, when he knew his officers did not know how to properly keep

inmates housed in Bay 3 of the B-Dorm Modification Unit, safe from those inmates housed in general population." (*Id*.). The plaintiff asserts the same argument applies to Warden Willie Thomas. (*Id*., at 3). Such assertions are far too general to survive § 1915A review. Any duty on the part of a supervisor to train subordinates so as to prevent constitutional torts arises only where (1) the supervisor has contemporaneous knowledge of an offending incident or knowledge of a prior pattern of similar incidents, and (2) circumstances exist under which the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate. *Chinchello v. Fenton*, 805 F.2d 126, 133-34 (3rd Cir. 1986). *See also Cannon v. Taylor*, 782 F.2d 947, 951 (11th Cir. 1986) (nothing less than a showing of gross negligence is required to establish liability for inadequate training). Additionally, the plaintiff must "identify a deficiency in a training program closely related to the injury complained of and must further show that the injury would have been avoided 'under a program that was not deficient in the identified respect.'" *Gordon v. Kidd*, 971 F.2d 1087, 1097 (4th Cir. 1992) (*quoting City of Canton v. Harris*, 489 U.S. 378, 391 (1989)). Here, the plaintiff has failed to allege that the attack on him occurred because Captain Hutton and/or Warden Thomas failed to properly train their staff. *See Woody v. Cronic*, 401 Fed.App'x 509, 511 (11th Cir. 2010).

Finally, the plaintiff objects to the report and recommendation because his "breach of security" claim was not addressed. (Doc. 11 at 3).  The plaintiff alleges that "the security staff who [were] on duty during the 16th day of June, 2014, at 9:35 a.m. . . . were negligent in their duties and were deliberately indifference to his safety and security . . . ." (Doc. 1 at 4).  Because the plaintiff asserted that the negligence in security led to deliberate indifference to the plaintiff's safety, the report and recommendation addressed this as part of the plaintiff's deliberate indifference claim. If the plaintiff is also attempting to state some type of negligence for breach of security claim, the same fails to raise a claim of constitutional proportion and would be dismissed on that basis alone.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections to the report and recommendation, the court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and the magistrate judge's recommendation is **ACCEPTED**.  It is therefore **ORDERED** by the court that all of plaintiff's claims against defendants Alabama Department of Corrections, Bibb Correctional Facility, Warden Willie Thomas, Captain John Hutton, and defendant Jeffery Huff are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b).  It is further **ORDERED** by the

court that the plaintiff's Eighth Amendment claims against defendants Parker and McKay are **REFERRED** to the magistrate judge for further proceedings.

    **DONE** this 16th day of October, 2015.

                                    **VIRGINIA EMERSON HOPKINS**
                                    United States District Judge